■ ASKL ENTERPRISES, INC., Appellant, v NYNEX LONG DISTANCE COMPANY, Doing Business as VERIZON ENTERPRISE SOLUTIONS, Respondent. 467 PRONTO, INC., Appellant, v NYNEX LONG DISTANCE COMPANY, Doing Business as VERIZON ENTERPRISE SOLUTIONS, Respondent. [777 NYS2d 430]—

Orders, Supreme Court, New York County (Ira Gammerman, J.), entered March 3, 2003, which dismissed the complaints for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiffs' allegations of performance—an essential element of their claims for breach of contract (*Grant Entertainment v Lee*, 186 AD2d 66 [1992])—were contradicted beyond substantial question by the affidavits and evidentiary matter submitted, thus negating any viable cause of action as a matter of law (*see Biondi v Beekman Hill House Apt. Corp.*, 94 NY2d 659 [2000]). The unrefuted evidence, including plaintiffs' own admissions, established breach of their agreements with defendant, ab initio, as a result of failure to abide by their inherent obligation to deal honestly and in good faith. Plaintiffs applied to defendant's retail (rather than wholesale) division by misrepresenting themselves as pizza parlor operators while concealing their true status as unlicensed resellers of communications services. This deception put plaintiffs in breach of the agreements from the start, negating any offer of proof of the essential element of performance. Defendant's conduct did not constitute a private party's unauthorized enforcement of telecommunications policy, which is reserved to the Federal Communications Commission. Rather, defendant merely exercised the right of a contracting party to terminate its own performance in view of plaintiffs' breach of the covenants of good faith and fair dealing. Concur—Tom, J.P., Sullivan, Williams, Lerner and Gonzalez, JJ.